13-2451-cr
United States v. Clark

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fourteen.

PRESENT: PIERRE N. LEVAL,
CHESTER J. STRAUB,
REENA RAGGI,
*Circuit Judges.*

_____

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                No. 13-2451-cr

JOSEPH CLARK,
*Defendant-Appellant*.

_____

FOR APPELLANT:          Joseph Clark, *pro se*, Loretto, Pennsylvania.

FOR APPELLEE:           Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 12, 2013, is AFFIRMED.

In April 2010, Joseph Clark pleaded guilty to using an interstate facility to entice a minor into sexual activities. *See* 18 U.S.C. § 2422(b). The district court entered a judgment of conviction on January 19, 2011, sentencing Clark principally to a 180-month prison term. On May 17, 2013, acting pro se, Clark moved the district court to vacate his conviction. His papers cited Federal Rule of Civil Procedure 60(d) as the rule that authorized his motion. The district court denied the motion on June 12, 2013, on the ground that "[t]he provisions of Rule 60 are contained in the Federal Rules of *Civil* Procedure . . . [and] have no bearing whatsoever in this criminal action." Gov't App'x 109. Clark now appeals that decision and argues that the district court should have treated his motion as one filed pursuant to 28 U.S.C. § 2255.

Assuming without deciding that it may constitute reversible error for a district court to deny such a motion on the ground that the pro se litigant cited the wrong statute or rule where his factual allegations would otherwise entitle him to relief, this is not such a case. If the district court had treated his motion as one under § 2255, it would have been untimely.

Section 2255(f) imposes a one-year limitation period. That period runs from the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). Clark filed his petition over two years after his conviction became final.

Clark contends that the limitations period should not bar his petition because the limitations period was tolled by fraud on the court of which he was unaware, *cf. id.*

§§ 2255(f)(2)-(4) (tolling limitations period in certain situations where movant cannot be expected to discover basis for motion), and because credible and compelling claims of actual innocence may be considered even through an otherwise untimely petition, *see McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But Clark's motion did not assert facts, which, if true, would even suggest that he is actually innocent of the charged offense. And to the extent he asserted facts purportedly constituting a fraud on the court, those facts would not entitle him to relief.

We have considered all of Clark's arguments and conclude that they are without merit.

Accordingly, the judgment of the district court denying Rule 60 relief is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court